Memorandum in Support of 2255.

# Ground ONE

Mr. Carney was born and raised in poverty. However, poverty was not the sole issue. At a very young age he was forced in the streets by necessity in order to provide for himself. During this period he turned to drugs as a coping mechanism. See PSR explaining Carney's difficult upbringing and his drug use. Amendment 829 not only allows this Court to grant a downward departure to Youthful offenders, the Court may also take into consideration Adverse Childhood Experiences (ACE'S).

Mr. Carney's case presents numerous factors that were not adequately developed by trial counsel during sentencing. The critical issues that were not developed led to a 38 year sentence. Moreover, Courts across the country is now relying on Advances in science and medicine regarding how the brain of young people work have reshaped how the law looks at youthfulness for sentencing purposes. As a powerful mitigating factor. See United States v Ramsay, 538 F. Supp. 3d 407, 415, 423 (S.D.N.Y 2021) (providing a summary of some of the changes in neuroscience and sentencing law). Discoveries in Medicine have shown that a person's brain is not fully developed until one is approximately 25 years old. See U.S.S.C's Youthful Offender in the Federal System, 6-7 (2017) (Available at: https://www.U.S.S.C.gov/sites/default/files/pdf/research-and publications/research; Daniel Romer et al., Beyond Stereotypes of Adolescent Risk Taking: Placing the Adolescent Brain in Developmental Context, 27 Developmental Cognitive Neuroscience 19 (2017). Among the areas of the brain where young people present a deficit is the Frontal lobe, the part tasked with regulating impulse control and calibrated decision-making. Because of their underdeveloped frontal lobe, a youth biologically lacks the arsenal of psychological defenses and skills that an Adult possesses to avoid criminal behavior, bad decisions, and impulsive, hot-headed reactions.

Because their brain is equipped with less tools to avoid criminality, adolescents and young adults are less culpable than their adult counterparts. While this may not exempt a young person from liability, it counts as a relevant mitigating factor when it comes to punishment (5H1.1 2024)

Youngsters are more impulsive, reckless and susceptible to persuasion. Modern science is now providing the data to confirm and understand biological differences. The Supreme Court's Roper, 543 U.S. at 574 stated " "the qualities that distinguish juveniles from adults do not disappear when an individual turns 18. IN Carney's case he failed below the 25 year threshold when the offense occurred. Trial counsel should have developed arguments relying on Adverse Childhood Experiences, Youthfulness at the time of the offense and the Unwarranted Sentencing Disparity between Carney's sentence and the National Average for other defendants similar in age, upbringing and conduct. Had trial counsel developed such arguments there is a Reasonable probability that this Court would not have sentenced Carney to 38 years.

Ground Two - Trial Counsel's failure to inform Carney that the National Average Sentence for a murder conviction is 272 months deprived Carney of the opportunity to negotiate for a lesser sentence prior to pleading guilty. Furthermore, Carney argues that had he known that other defendants across the Nation receives 240 month to 272 months for a federal murder he would not have pleaded guilty unless the plea agreement contained binding language in it, i.e., that he could reject the plea if the Court would have sentenced him more than 272 months.
Trial Counsel's failure to Apprise Mr. Carney of 3553(a)(6) and USSC Sentencing Data for a failure murder allowed him to accept the plea deal and a sentence of 38 years. Therefore, Trial Counsel's performance deprived Carney of a Reasonable probability of a lesser sentence. See Declaration paragraph 6-7.

Hezekiah Carney

page two of two